United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30542
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALLAN ROSS WILHELM

Defendant - Appellant

---
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20104-ALL
---

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Allan Ross Wilhelm appeals the sentence imposed by the district court when he pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g). Wilhelm has not shown clear error in the district court's factual finding that he stole the firearm at issue. See United States v. Angeles-Mendoza, ___ F.3d ___, No. 04-50118, 2005 WL 950130 (5th Cir. Apr. 26, 2005). Thus, the district court did not err in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assessing a two-level increase in Wilhelm's offense level.  See United States v. Luna, 165 F.3d 316, 324-25 (5th Cir. 1999).

Wilhelm argues that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004), because it was increased on the basis that the handgun was stolen, a finding  that was not made by a jury.  After completion of briefing in this case, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, 756 (2005), which applied the Sixth Amendment holding in Blakely to the federal sentencing guidelines and made the guidelines advisory instead of mandatory.

Because Wilhelm did not raise his Blakely claim in the district court, it is reviewed only for plain error.  See United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).  "[Wilhelm] has not shown, with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence."  United States v. Infante, ___ F.3d ___, No. 02-50665, 2005 WL 639619 at *13 (5th Cir. Mar. 21, 2005).  Wilhelm has not satisfied his burden of establishing plain error.  Thus, he is not entitled to resentencing on this ground.  See id.

AFFIRMED.